THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND
CHICAGO RAILWAY COMPANY vs. JOSEPH PFITZER
AND ANNA PFITZER, HIS WIFE.

*Railroad in highway—A "taking" of property—Compensation—
Market value—Pleading.*

No pleadings, after the petition, are necessary in condemnation
proceedings.

The construction and operation of a steam railroad in a public
highway impairing access to an abutting owners' property,
obstructing the free passage of light and air, and subjecting
him to inconvenience, annoyance and danger by the emission
of smoke and sparks from its locomotive engines, the ring-
ing of bells and blowing of steam whistles, and the jarring
of buildings by passing trains, is a "taking" of property
within the meaning of the constitution, entitling him to
compensation.

In estimating the amount of compensation to which the owner
is entitled, the jury may consider whether the market value
of the property will be affected by the construction and
operation of the railroad.

The difference between the market value of the property before
and after the location of the railroad, will be the damages
which the owner is entitled to recover.

The market value of property is the price which it will bring
when it is offered for sale by one who desires but is not
obliged to sell it, and is bought by one who is under no
necessity of buying it.

*Decided June 11, 1889.*

CHARGE to the jury.

*Harmon, Colston, Goldsmith & Hoadly*, for plaintiff.
*Jordan & Jordans*, for defendants.

GOEBEL, J.

GENTLEMEN OF THE JURY :

The plaintiff says that it is a railroad company duly incorporated by law, and that it owns and operates as a common carrier a railroad extending from Plum street between Second and Third streets, in the city of Cincinnati, Ohio, extending westwardly through the village of Riverside in this county, to the city of Lafayette in the state of Indiana ; that it is the owner of a tract of land in the village of Riverside and on the north side of the Lower River Road, to be used in the operation of its business ; that for this purpose it is necessary to connect this property with the main tracks of this company, by means of a single track of the ordinary standard gauge, and then use said track for the passage of cars and locomotives.

This track will enter upon the Lower River Road, in a southeasterly line about one hundred and fifty-two feet, northeasterly from the north-east corner of the property of the defendant, Joseph Pfitzer, thence running south on the Lower River Road about three hundred and twenty-one and one-half feet to a point where it enters upon the land of the plaintiff.

For a better description of the location of the proposed track, and the property of the defendant with reference to this track, I refer you to the plat attached to the petition.

The defendant, Joseph Pfitzer, is the owner of a piece of property fronting twenty-three feet on what

is called Bridge street, running along Lower River Road about two hundred feet, being triangular in shape, the rear being about seventy-seven feet in depth. Upon this property are three buildings.

The plaintiff alleges that it has not been able to agree with the defendant Pfitzer, as to the amount of compensation to be paid to him, by reason of the construction of this proposed track and its operation, and it asks that compensation be assessed to the defendant, and that it may be permitted to lay this track and operate the same in connection with its main tracks.

No pleadings after the petition are necessary in a proceeding of condemnation, and hence there is no issue made by pleadings between the parties. The question however is what compensation, if any, is the defendant entitled to by reason of the premises.

This proceeding differs somewhat from the ordinary condemnation proceeding in this, that it is not sought to take any tangible property. However, it is now settled in Ohio, that any damage to property, produced by an interference with the right of the owner, which he is entitled to make use of in connection with his property, and the loss or impairment of which renders the property less valuable, is a "taking" within the meaning of the law, for which compensation must be made.

The constitutional provision that private property

shall always be subservient to public use, but no property shall be taken until full compensation has been made to the owner, applies with equal force to a case of this kind.

The defendant Pfitzer, as the owner in fee of the property described in the petition, is entitled to use and occupy it for any legitimate purposes; to sell, or lease, or rent it and make it a source of revenue to him. His buildings front on the Lower River Road. He and his tenants have the right to use this street for access to, and egress from the buildings, and to use it for any and all purposes not inconsistent with the public right or easement in it, as a street and highway for travel. And the right of the public to use this street for travel, does not include the right of a railroad to use it for steam railroad purposes.

In the enjoyment of this property, either by himself or his tenants, he and they are entitled to light and air, and that the air which comes upon his premises shall come in its natural condition, free from the dust, smoke and vapor, that a passing train may emit.

He has the right to insist that his property shall not be endangered by fire from sparks occasioned by the running of locomotives along this proposed track, or jarring of the building, or that he while in the enjoyment of his property shall not be annoyed by the ringing of bells and the blowing of steam whistles by

locomotives, or be subjected to danger, by reason of the construction and operation of this track.

Your first inquiry will be, will the defendant, by reason of the construction and operation of this track, be deprived while in the enjoyment of his property of any of these rights, and will he be subjected to any of the inconveniences, annoyances and dangers referred to. Secondly, will his property be subjected to any danger, either by fire or the jarring of the buildings.

If you find in the affirmative, your next inquiry will be, what effect, if any, will this have upon the market value of this property. Will it sell for less in the market? Will it be more difficult to rent or lease? Will it be less valuable for business purposes. Any other circumstances or conditions that may affect the market value, may be considered by you.

In considering this question, you have no right to take into consideration the inconvenience, annoyance and danger that the defendant would be subjected to as an individual, in common with the community at large. You can only consider the inconvenience, annoyance and danger to which he may be subjected as the owner of the property, and as affecting the market value of the property.

You cannot take into consideration any loss to his business, that may result from the construction and operation of this track. Such loss is indefinite and

uncertain. Nor can you consider the benefits his business may derive by reason of the construction and operation of this track, or any benefits his property may derive, for the law says you must fix compensation irrespective of benefits derived from a proposed improvement.

The defendant having the right to use, lease, rent or sell this property for any legitimate business, you may consider what effect the laying of this track, and the operation of trains thereon, will have upon the travel in front of this property, as affecting the uses to which this property may be put, and thereby affecting the market value.

You may also consider that there is no limitation to the use to which this track may be put to by the plaintiff, while upon the other hand, you must not disregard the testimony as to the manner of use the plaintiff now intends to make of this track. And in coming to a conclusion, you must take this in consideration, as well as the right of the plaintiff to change the mode of use as often as it sees fit.

The defendants' property is situated near the tracks of two railroads in operation. The noise and disturbance from them affecting his property, cannot be considered by you. Nor can his right to a recovery from this plaintiff for any injury his property may sustain, be affected by reason of the construction and operation of these tracks.

But you may consider its location, surroundings and character, and its close proximity to the two railroads, and ask yourselves what effect will the construction and operation of this track have upon its market value. Will the property be less saleable in the market, or more difficult to lease or rent? Will it destroy or affect the uses to which it may be put?

The testimony shows that defendant is occupying the corner property for saloon purposes, that his principal trade is derived from the distilleries and cooper shops in the neighborhood, and that the rooms in the other houses are rented to tenants working in the distilleries and cooper shops. And it is claimed that this trade and rental value would be affected, by reason of the location of the distilleries and cooper shops near this property, and the location of this track near the distilleries and cooper shops.

While you may take this into consideration, in determining what effect the construction and operation of this track will have upon the market value, for business and rental purposes, I charge you, however, that you cannot speculate upon this trade or the character of the tenancy, and fail to take into consideration the public at large who may be likely to trade or rent.

After you have satisfied your minds that the market value of this property will be affected by the construction and operation of this track, you are next

to ascertain the amount the defendant is entitled to recover from the plaintiff, by reason of the premises.

To ascertain this, your first duty will be to find the present market value of this property, that is, the value before the location of the railroad, and then find the market value of the property after the location, and the difference will be the damages to the property for which the defendant is entitled to recover.

If, upon the other hand, you find that the market value of this property will not be affected after the location of the road, you must say so.

What is meant by market value? The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged to sell it, and is bought by one who is under no necessity of buying it.

In estimating its value, all the capabilities and all the uses to which it is adapted are to be considered; not merely the use to which it is now applied by the defendant, or its value to him, or an unwillingness on his part to sell it.

Now, gentlemen, much time has been consumed in the hearing of witnesses and arguments of counsel upon objections to the testimony, and in the nature of things, many immaterial and irrelevant matters have been stated by witnesses and counsel. I have endeavored in a concise way, to state to you the exact questions that are involved in this case, and have

attempted to eliminate all immaterial and irrelevant matter.

You must apply the testimony as given, to the questions so involved. And it is your duty to give to the evidence, such weight as it deserves. If there is a conflict in the testimony, reconcile it if you can. If you cannot, and the testimony is so indefinite, that it does not enlighten you or aid you in coming to a conclusion, then you may apply your own knowledge and experience in arriving at a conclusion.

Before I close, let me say to you, that you must approach the discussion of this case without feeling or prejudice for or against either of the parties in this case, but render such verdict as the law and evidence will warrant you in so doing.